**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**FRANK C. JOHNSON, et al,**

            **Plaintiffs,**

**vs.**                                                    **1:07CV225-SPM/AK**

**LAW OFFICES OF MARSHALL
C. WATSON, et al,**

            **Defendants .**

_____/

## REPORT AND RECOMMENDATION

        Plaintiff was previously identified in this court as an abusive filer and barred from

filing any future pleadings until he had paid a sanction of $150.00.  (See Doc. 13,

referring to Case No. 1:97CV25-MP/WCS).  Plaintiff was also advised that he must file

an Affidavit naming the defendants and setting forth his claims against them prior to

filing any new lawsuit.  When he failed to comply with this prior order before he filed the

present lawsuit, the Court directed that this action be closed and his papers returned to

him.  (Doc. 13).  Plaintiff then brought $150.00 to the Clerks Office, with the required

Affidavit, and a member of the Court's staff met with the Plaintiff in the Clerks Office to

explain the prior Order and to advise him at that time that his case would be reopened

and his amended complaint would be reviewed, but that no further papers should be

filed nor any action taken by Plaintiff until he received further direction from the Court.

Contrary to those discussions, Plaintiff has filed seven additional documents since that time, including a second amended complaint.  (Docs. 22, 23, 24, 25, 26, 27, 28).

This cause arises out of a foreclosure action in 2004.  Plaintiff is suing the law firm and individual attorneys in that firm hired to file a foreclosure action against him for his alleged default on a loan and asserts that these claims arise under 42 U.S.C. §1981, 1983, the Fair Debt Collections Act, and various other state and federal statutes and rules.  He is also suing J.P. Morgan Chase Bank, the "trustee" on the mortgage, who instigated the lawsuit and hired the law firm, and Board and Cassel, as agents of the law firm.  Plaintiff alleges generally and in a vague manner that the defendants engaged in an illegal debt collection practice, specifically, that he was required to pay a monthly amount of $490.23 from December 3, 2003, to May 15, 2004, as well as attorney fees, to reinstate his mortgage, although he was not in default and the attorneys knew it.

There are a number of problems with these claims being raised in federal court.

Plaintiff cites to several state court actions which raise the same issues against the same defendants:  Nos. 01-2004-CA-1039, 01-2004-CA-1639, and 01-2005-CA-4329.  Plaintiff has also filed several papers indicating that at least one of these actions was appealed (01-2004-CA-1639).  (Docs. 22, Exhibits; Doc. 26).  In the Response of the District Court of Appeal of the First District to the Petition for Writ of Mandamus (doc. 26), the court indicates its frustration with Plaintiff's continued and persistent practice of causing "substantial expenditure of labor by judges and staff in [several state courts]," as well as defense counsel, in defending "baseless review proceedings."  The

Court also cited to Plaintiff's practice of filing papers before court proceedings or process had been completed.

Since this Court's experience with Plaintiff in 1997, it appears that he has continued abusive court practice in the state court.  He now returns to this Court and chambers staff and the clerk's office time has again expended significant time in sorting out and processing his papers.  He has filed numerous and voluminous papers that are mostly incoherent or irrelevant, and he has again failed to wait for court instruction so that court procedure can be conducted in an orderly and cohesive fashion.  It is the opinion of the undersigned that it would be a waste of court resources to allow this lawsuit to continue and herein recommends dismissal thereof on a number of grounds, as follows.

First, the claims raised against the law firm and the attorneys representing the lender in the foreclosure action have been raised in state court and appear to still be pending.  While it is impossible to discern precisely what the status of these state cases is from the papers submitted by Plaintiff, it appears that Case No. 01-20040CA-1639 may still be pending on appeal.  The docket sheet from the First District Court of Appeals shows that an answer brief by Defendant was only filed on November 27, 2007.  Thus, it is unlikely that a decision has been reached by that appeals court.

Second, if the state court has entered a judgment on the case or cases,  "a United States District Court has no authority to review final judgements of a state court in judicial proceedings.  Powell v. Powell, 80 F.3d 464 (11th Cir. 1996).  According to the Rooker-Feldman doctrine, the doctrine has two statutory bases: (1) 28 U.S.C. §1257, which limits federal review of state court proceedings to the United States Supreme

Court; and (2) 28 U.S.C. §1331, which limits original jurisdiction in federal court to "civil actions arising under the Constitution, laws or treaties of the United States." *Id*., at 466. The doctrine applies not only to claims actually raised in the state court proceedings, but claims that are "inexplicably intertwined" with the state court judgment. *Id*., *citing* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983). Thus, even if the state court proceedings are no longer pending, this court would be foreclosed from reviewing the judgments those tribunals entered.

This also raises the issue of *res judicata*. Since the parties and claims are based on the same set of facts this doctrine would also bar this court from proceeding on these claims. A federal court must give the same preclusive effect to a state court judgement as would the state. 28 U.S.C. § 1738; Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415-416, 66 L.Ed.2d 411 (1980); Migra v. Warren City School District, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

Finally, a successful federal civil rights lawsuit requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id*., at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492

4

(1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  The lawyers and law firms Plaintiff is suing do not work for the state.  They are private individuals and private business entities and their alleged malpractice with regard to a foreclosure action raises no constitutional or federal law claims that are apparent to the undersigned.  It appears that these claims should and have been raised in state court and Plaintiff should proceed with those actions through the appeal processes available to him in that forum.

In light of the foregoing and Plaintiff's prior history in this Court, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc.22, be **DISMISSED** for failure to state a claim upon which relief may be granted, or as barred by res judicata or the doctrine of abstention and the Rooker-Feldman doctrine.

**IN CHAMBERS** at Gainesville, Florida, this  __*13*th__  day of December, 2007.


*s/ A. KORNBLUM*                                      
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**